## No. 11,417.

### ALEXANDER LICHTENTAG VS. TAX COLLECTOR ET AL.

A school-house in which stenography and typewriting are exclusively taught is not exempt from taxation by Article 207 of the Constitution.

The proviso in said article excludes from its benefits schools that are conducted for private profit.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.*

*W. B. Spencer* and *Fenner, Henderson & Fenner* Attorneys for Plaintiff and Appellee:

The words "colleges or other school purposes," as used in the Art. 207 of the Constitution, include in their scope and meaning all places where a mental training in arts, sciences, or letters is given, and a place where stenography is taught is therefore a school within the meaning of the words. 35 N. W. Rep. 222.

In determining the question whether property or buildings are exclusively used for school purposes within the meaning of the article, the test is not merely the relative amounts of space occupied for family and school purposes, but the surrounding circumstances of fact must also be regarded, and duly appreciated. Blackman vs. Tax Collector, 39 An. 592.

Lichtentag vs. Tax Collector et al.

It is the use to which the property is put, and not the use to which
the income derived therefrom is put, that should be regarded in
determining the question of exemption *vel non*. Richmond Co.
vs. Bohler, 7 S. E. Rep. 635; 19 Ohio, 114, 115, and cases therein
cited; 35 An. 668.

So that where the property is directly and immediately used for
school purposes, it makes no difference, so far as the question
of exemption is concerned, whether the income is devoted to
school or to private purposes. Nelson vs. Stryker, 53 N. W.
Rep. 1134.

Private schools, under the Constitution, are exempt from taxation.

The fact that tuition is received by the conductor of such school
does not bring it within the meaning and purpose of the proviso
of Art. 207 of the Constitution.

———

*E. A. O'Sullivan*, City Attorney, *Henry Renshaw*, Assistant City
Attorney, for Defendants and Appellants:

The burden is upon plaintiff to show his right to exemption from
taxation, and such right must be established beyond doubt. 43
An. 1108; 42 An. 1102, 1121; 41 An. 998; 34 An. 956.

Property used to live in, and to conduct "a school of stenography
and typewriting," is not exempt from taxation. Constitution
of La., Art. 207; Cooley on Cons. Lim., pp. 73 and 74.

Even if the character of plaintiff's establishment exempted it from
taxation (which, however, is denied), plaintiff's property is
used for purposes of private profit or income, and is conse-
quently liable to taxation. Constitution, Art. 207; 22 N. E.
Rep. 845; and in this connection, 12 S. W. Rep. 933.

———

The opinion of the court was delivered by

McENERY, J. The plaintiff is the owner of lot seven in square
one hundred and fifty-one, bounded by Robin, Magazine, Camp and
Race streets, in the city of New Orleans, and alleges that he is con-
ducting a school of stenography and typewriting, which is the only
means by which he obtains a livelihood, and that the above described
property is used by him exclusively for the purpose of living in and
of conducting said school, and that under the Constitution of the
State said property is exempt from taxation.

On the prayer of his petition he obtained an injunction restraining the Tax Collector of the Fourth District, the Board of Assessors and the city of New Orleans from advertising or attempting to sell the above described property for the taxes assessed against it.

There was judgment for plaintiff as prayed for and the defendant appealed.

Art. 207 of the Constitution of 1879 is the only provision of the Constitution applicable to the present controversy.

It says property used exclusively for colleges or other school purposes shall be exempt from taxation, provided it is not used or leased for purposes of private profit or revenue.

The word school as employed in the above article is used in the ordinary meaning of the word, and must therefore be applied to the class of institutions which are embraced within that meaning. In its most extensive signification it embraces places where learned men meet for instruction and intercourse, where they may discuss or promulgate ideas of a particular and individual character and promote the dissemination of a particular theory. It embraces the learned of a particular profession when associated for special purposes, such as the college of surgeons; and it as applied to describe an assemblage of a particular kind, or the followers of a particular teacher in theology, science, philosophy or medicine. It certainly in the Constitution applies to none of these, but is used for the purpose of describing ordinary schools, such as we know in common speech— educational establishments below the grade of college in which elementary knowledge is imparted. Such institutions are for the purpose of instructing young children, and are known as primary or common schools or academies. Such institutions are for acquiring knowledge and mental training.

Plaintiff's evidence shows that the teaching of typewriting and stenography is made part of the instruction of schools and colleges, and is a means of mental training. But this fact would not constitute these mechanical arts as the means of acquiring general knowledge and mental training.

Boxing, fencing, dancing, in fact all of gymnastic exercises, instruction in which forms a part of the course in many institutions of a high grade, in some degree train the mental as well as the physical condition, but they are not for this reason the necessary accompaniments of education. Painting is one of the most instructive of the arts,

yet no one will contend that a building in which painting is exclusively taught is exempt from taxation. Music also is instructive, and develops to a high degree certain of the mental faculties, and like painting promotes the vigor of the imagination, and strengthens the reasoning faculty. They are both taught in all well established schools and colleges, yet no building devoted exclusively to the teaching of these arts would be exempt from taxation, for the reason that they do not necessarily enter into every scheme of general knowledge, and are not essential to the training of the mental faculties.

Stenography is an art—shorthand writing, the use of abbreviations or characters for whole words. Typewriting can scarcely rank as an art, and may be classed as a mechanical occupation, like the setting of type. Neither one of these occupations enter into a scheme of education for the acquisition of knowledge or the training of the mental faculties. That they incidentally improve some faculty can not be disputed; that they may have a healthy influence on all the faculties may be admitted, but many mechanical occupations do the same thing. It is difficult to conceive of any exercise of the physical powers without in some degree exercising a wholesome influence on the mental faculties.

The occupation of the plaintiff, which he is teaching to his pupils, presupposes an acquisition of knowledge and a mental training, and the object of the school is not for the purpose intended by the primary or common school or academy. It is the teaching of a trade which the pupils expect to follow for a livelihood.

Schools for lawyers and doctors, exclusively devoted to the preparing of them for their profession, presuppose a previously acquired fitness, and they enter into no general plan of common education. The school buildings for these purposes are not exempt, as they are intended for a special class, for special purposes of professional calling. And so it is with plaintiff's school. It is intended to educate a particular class, for a special object and for a specific calling, in an occupation by which to make their way in life. The institution presupposes all that is required for such a calling has been obtained in some school or college devoted to the purpose of imparting knowledge and mental training.

The petition of plaintiff alleges that his school is conducted by him for private profit. Article 207, in the proviso, excludes such schools from the exemption.

The judgment appealed from is annulled and reversed, and it is now ordered that plaintiff's suit be dismissed with costs.

Rehearing refused.