## THE BISHOP AND CHAPTER OF THE CATHEDRAL OF ST. JOHN THE EVANGELIST V. THE TREASURER OF ARAPAHOE COUNTY.

1. TAXES AND TAXATION—EXEMPTIONS—SCHOOL PROPERTY.

A building and lots donated for a theological school on condition that the bishop of the diocese should be the chief instructor and reside in the building, and in which such school is conducted, the bishop being the principal instructor, is exempt from taxes under the provisions of our constitution and statutes exempting from taxes lots and buildings thereon, where the buildings are used solely and exclusively for schools, although the bishop resides in the building with his family and uses all of the rooms thereof for living purposes and the students are limited to a half dozen, none of whom reside in the building, but attend recitations and lectures at the building, and none of the instructors receive any salary as such, and a considerable part of the bishop's time is devoted to his duties as bishop of the diocese.

2. SAME—PRACTICE—QUESTION NOT CONSIDERED IN TRIAL COURT.

Where a cause was submitted to the trial court solely on the theory that a building and the lots on which it was located were as a whole subject to taxation for the reason that the building was not used solely and exclusively for school purposes, as contemplated by the constitution and statutes, on appeal the question as to whether or not certain of the lots not being occupied by the building were for that reason subject to taxation will not be considered.

*Appeal from the District Court of Arapahoe County.*

The question in this case is. whether real estate, known as Matthews Hall, was exempt from taxation for the year 1893. Appellant, as plaintiff, brought this action to determine the question in the court below. From a judgment holding that the property was not exempt from taxation, it brings the case here for review on appeal. Other property was also involved, but upon argument, the errors assigned were abandoned, except as to Matthews Hall. The contention of counsel for appellant is, that the premises in question are used solely and exclusively

for school purposes, and therefore, exempt from taxation by virtue of provisions of our constitution and statutes as follows:

"Lots with the buildings thereon, if said buildings are used solely and exclusively for * * * schools * * * shall be exempt from taxation, unless otherwise provided by general law."  Sec. 5, Art. 10, Constitution.

"The following classes of property shall be exempt from taxation, to-wit:  *  *  *  lots, with the buildings thereon, if said buildings are used solely and exclusively  *  *  *  for schools  *  *  *." 2 Mills Ann. Stat. § 3766.

The material facts necessary to consider in determining the proposition of counsel for appellant are, briefly, that the hall is the theological school of the Episcopal diocese of Colorado.  A school of that character is actually conducted there, but the attendance is limited to a half dozen.  One of the conditions attached to a part of the donation which was utilized for buying the premises, is, that the bishop of the diocese should be the chief instructor in the school, and should live in the building, with his family.  This condition is embodied in the deed to the property.  The bishop resides in the hall with his family, and is the chief instructor.  His wife assists in looking after the school.  He pays no rent, and none of the instructors receive any salary. There are about fourteen rooms in the building. The students live in different parts of the city; do not board at the institution.  The whole of the house is used for living purposes, and the students attend there for recitations and lectures.  There is no part of the house which is not considered à part of the family rooms.  All are used in common.  The bishop devotes a considerable part of his time in discharg-

ing his duties as bishop of the diocese. Counsel for appellee contend that these facts do not exempt the property from taxation, and further claim that the lots not occupied by buildings should not be exempted. The property known as Matthews Hall consists of seven lots and a fraction, all within one enclosure.

Messrs. BENEDICT & PHELPS, for appellant.

Mr. GEORGE F. DUNKLEE, county attorney and Mr. O. E. JACKSON, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The solution of the question presented by counsel for appellant depends upon a construction of the constitutional and statutory provisions above quoted. The general rule is, that exemptions from taxation are strictly construed, but this rule is not applied with full vigor to the character of exemptions under consideration. In other words, provisions exempting property used for educational purposes are less strictly construed than those exempting property used for ordinary gain or profit. *State v. Fisk University*, 87 Tenn. 233; *People v. Sayles*, 50 N. Y Supp. 8; *Trustees v. Inhabitants of Andover*, 55 N.E. Rep. 841.

The words "solely" and "exclusively" employed in the provisions of the law under consideration are words of limitation which in their ordinary sense strictly limit the subjects to which they refer, but their purport and meaning in this instance must be ascertained from the intent of the people and the legislature in exempting from taxation property used for educational purposes. In providing for these ex-

emptions, the object was to foster educational institutions by relieving their property, within prescribed limits, from the burden of taxation. This being the end to be attained, the meaning of the law must be ascertained by a construction within its spirit, purpose and policy not opposed to its letter. In brief —a construction consonant with the spirit which prompted the adoption of the provisions in question, and which will give them full effect. If the use of property utilized for a school is limited to that which is indispensable for this purpose, the extent to which institutions of this character are benefited by exemption from taxation is confined to the narrowest possible limits, and every use which could be dispensed with and yet permit a school to be conducted which might be so termed in name, would subject the property so used to taxation. Such a construction would be too narrow, and fall far short of expressing the intent of the people and legislature with respect to schools. The fundamental object of the law was to exempt property used for school purposes from taxation. To carry out this design, the uses permissible must necessarily embrace all which are proper and appropriate to effect the objects of the institution claiming the benefits of the exemption. *State v. Ross*, 24 N. J. Law, 497; *Northampton Co. v. Lafayette College*, 128 Pa. St. 132; *St. Mary's Church v. Tripp*, 14 R. I. 307; *Trustees of Griswold College v. State*, 46 Iowa 275; *Mass. Hospital v. Inhabitants of Somerville*, 101 Mass. 319; *Pres. Harvard College v. Assessors of Cambridge*, 55 N. E. Rep. 844.

So that a use incident to the main purpose for which the property is held is not one which falls within the prohibitions contemplated by the law. Tested by these considerations, the occupation of the prem-

ises by the bishop and his family does not render the property subject to taxation.   He is there as an instructor; a school cannot be conducted without teachers; and the mere fact that the bishop resides on the premises with his family is but an incident to the main purpose which requires his presence.

An able and ingenious argument is made by counsel for appellee, based upon the fact that a considerable portion of the time of the bishop is devoted to the discharge of clerical duties devolving upon him by virtue of his position, (and that he directs the affairs of the diocese from the hall.)   The occupation by the bishop is in conformity with the conditions upon which part of the funds used for the purchase of the premises were given.   He occupies these premises in his official capacity as chief instructor of the school.   In this capacity his presence resulting from residence is required.   He is actually an instructor; his object in occupying the premises is to discharge his duties in that capacity; hence, his dominant purpose in residing at the hall is to carry out the objects of the institution, and it is this purpose which gives character to the use by him.   *Pres. Harvard College v. Assessors of Cambridge, supra.*  He may devote a part of his time to the discharge of his duties as bishop, but it does not appear that in so doing the property is in the slightest degree alienated from its use as a theological school.   Neither does it appear that thereby he is in any manner abusing the privileges conferred by the law, or attempting to shield the property from the payment of taxes by asserting a use which is not *bona fide*.   Incidentally, he may derive some benefit from occupying the premises; so with any other instructor; but where, as in this instance, the chief use of the hall is for educa-

tional purposes, the discharge of his duties as bishop —closely allied as they are with his duties as instructor, not interfering with the use of the premises as a school—does not render the property subject to taxation. *St. Mary's Church v. Tripp, supra*; *Mass. Hospital v. Inhabitants of Somerville, supra.*

In determining these questions it must be borne in mind that whether in any given case property is or is not exempt, must be determined by considering all of the facts and circumstances, and the intentions and purposes of those in charge of the institution to which the property belongs respecting the use and occupation of such property. *Trustees v. Inhabitants of Andover, supra.*

It is apparent from the record that the only question which the parties intended to present to the trial court was, whether or not the property was exempt from taxation as a whole. In determining this question they respectively relied upon the use to which Matthews Hall was put. Having tried and submitted the cause upon this theory, neither party can now ask for a consideration of a question which was not litigated in the court below. For this reason we must decline to pass upon the claim of counsel for appellee that the lots not occupied by buildings should not be exempted.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment exempting the property known as Matthews hall (consisting of seven lots and a fraction, as described in the complaint) from taxation for the year 1893. In all other respects the judgment will stand affirmed.

*Reversed in Part and Affirmed in Part.*

Mr. JUSTICE STEELE, not participating.