PARSONS BUSINESS COLLEGE *v.* CITY OF KALAMAZOO.

1. TAXATION — EXEMPTIONS — EDUCATIONAL INSTITUTION — WORDS AND PHRASES—BUSINESS COLLEGE.

A business college organized under chapter 218, 2 Comp. Laws, for the profit of its stockholders and offering courses of three, six, nine and twelve months in stenography, bookkeeping and related studies is not a general educational institution, the real estate of which may be held exempt from taxation under Act No. 309, Pub. Acts 1909.

2. SAME.

Nor is its real estate used for educational purposes solely, within the meaning of the statute, where the corporation owns valuable vacant realty which it holds for an advance in its value and the upper story of the building is occupied by the proprietor and his family as a residence.

Appeal from Kalamazoo; Knappen, J. Submitted April 18, 1911. (Docket No. 135.) Decided June 21, 1911.

Bill by the Parsons Business College against the city of

Kalamazoo and Albert Ten Busschen for an injunction to restrain the collection of a tax and for a decree declaring property of complainant exempt. From a decree for complainant, defendant appeals. Reversed

*Dorr O. French*, for complainant.

*Marvin J. Schaberg*, for defendants.

McALVAY, J. Complainant filed its bill of complaint against defendant city and its assessor to have its property declared exempt from taxation, and to restrain defendant city and its assessor perpetually from assessing, levying, or collecting any taxes against its property, for the reason that all said property is exempt from taxation under the provisions of Act No. 309, Pub. Acts 1909, and under chapter 218 of the Compiled Laws of 1897, entitled "An act to provide for the incorporation of institutions of learning." An issue was joined between the parties and a hearing had before the court. A decree was granted in accordance with the prayer of the bill. Defendants upon appeal ask this court for a reversal.

It appears that Mr. William F. Parsons entered upon this business at Kalamazoo in 1869 as a private business under the name of Parsons Business College, and continued it with a reasonable amount of success until 1893, when he purchased and moved upon the premises, the taxation of which is in question in this suit, under a land contract, and proceeded to and did erect the building, in part of which complainant now conducts business, and so continued until the year 1905, up to which year taxes were annually assessed against said property, and regularly paid. The undisputed proof is that this property is now of the value of about $20,000. The property so purchased by Mr. Parsons was deeded directly to his wife, Mary P. Parsons. Up to 1905 the business had been conducted by Mr. Parsons, a son and a daughter, who "shared equally in the gains and losses, and each owned one-third of the business college." In 1905 the business was incor-

porated under chapter 218 above cited. Mr. Parsons testified:

" I had the institution incorporated because I felt I ought to be exempt from taxes. That is one reason I had it incorporated; and another reason was that I was at the head of the institution, and, if anything happened to me, the institution could go along without any change in it at all, and I felt it was no more than right that I should be incorporated and be relieved from taxation.

"*Q.* That was your principal reason, to avoid taxation, that you incorporated, was it not ?

"*A.* That was the principal reason."

The son, who is secretary and bookkeeper of the complainant, testified to the same effect. This was purely a stock corporation. The incorporators were the members of the Parsons family, who certified—

" That they in good faith subscribed and paid in the sums set opposite their names for the purpose of founding and establishing a commercial and business school, viz., Mary P. Parsons 80 shares, $4,000; William F. Parsons 5 shares, $250; Caroline Parsons 5 shares, $250; Frederick S. Parsons 5 shares, $250; William W. Parsons 5 shares, $250."

The cash paid in was in fact the property in question, and all the assets of the old business arbitrarily fixed at a valuation of $5,000. They were named in the articles of incorporation as trustees, to hold office for the term of 15 years. At the first meeting, William F. Parsons was elected president, Caroline Parsons treasurer, and William W. Parsons secretary, to hold these respective offices, and have so continued ever since. The articles of incorporation bear date January 19, 1906, and were filed with the secretary of State February 2, 1906. The deed of this property from Mary P. Parsons to the corporation bears date November 6, 1905, and was recorded March 3, 1908. At the first meeting of the stockholders, the president was voted a salary of $2,500, the secretary $2,000, and the treasurer $2,000 per annum, respectively. These salaries have been drawn each year *pro rata* to the amount of

cash available, and for the balance each has taken the note of complainant each year. The entire third floor of the building is occupied by the family as a residence, without payment of rent. The president testifies:

"We teach bookkeeping, penmanship, business law as used in the ordinary work of the school, shorthand, typewriting, and correspondence, also grammar."

The regulation course is 12 months, at $75. Tuition is charged as follows: Three months $28. Six months' course $45. Nine months $60. The average attendance is 200. A total of $150 has been received from the city for rent of room on election days. There has been no other income than as stated. This property is five rods by twelve rods, on one of the most valuable corners in Kalamazoo. The larger portion of it is not occupied by the building, and is held for a rise in its value. Taxes were not assessed against this property after 1905 until the present assessment in 1910.

An extended statement of what an uncontradicted record in this case shows has been considered necessary because of the importance of the question involved. Complainant's contention that it is exempt from taxation is founded upon the provisions of paragraph 4 of section 7, Act 309, Pub. Acts 1909, as follows:

" *Fourth.* Such real estate as shall be owned by library, benevolent, charitable, educational and scientific institutions incorporated under the laws of this State, with the buildings and other property thereon, while occupied by them solely for the purposes for which they were incorporated."

Complainant relies upon the case of *Detroit Home & Day School* v. *City of Detroit*, 76 Mich. 521 (43 N. W. 593, 6 L. R. A. 97), as decisive of the case at bar. The statute of which the one invoked is an amendment (Act No. 301, Pub. Acts 1887, § 3, par. 2 [Cf. as amended, 1 Comp. Laws, §§ 3830–3832]) was under construction in that case. The words "educational" and "solely" have been added since that time. The court in that case,

where the corporate purpose named in the charter was to establish, maintain, and conduct a seminary of learning, said:

"Unless the term 'scientific institutions' includes educational corporations, there is no statute exempting from taxation any schools, unless those in the hands of public authorities, and those are only exempt by implication. And if it does not include the seminaries of learning, there is practically nothing exempted, for there are no other scientific institutions, properly so called. But it is a matter of common knowledge that all general educational establishments have universally been known as 'scientific institutions' and fall naturally and directly within it."

Such construction brought within the terms of the exempting act educational corporations. The legislature later amended the law to include by express terms "educational" corporations. If this word had been included in the earlier law, the only question for the court in that case to determine would have been whether the institution claiming the exemption was within the class exempted. The majority opinion of the court in the case relied on by complainant was considering and passing upon "general educational establishments" in express terms, holding that it was a matter of common knowledge that such institutions have universally been known as "scientific institutions." The minority opinion shows that this was a school with kindergarten, primary, preparatory, and collegiate departments, with courses of instruction in all the elementary and advanced sciences, and ancient and modern languages. In the advanced departments there were the courses of instruction usual in the colleges of this State. The court determined that it was a general educational establishment. The disagreement in the opinions is not upon that question, but whether a stock corporation, organized and run for profit as a business venture, was within the legislative intent as expressed in the exemption law. The court without doubt was correct in classifying that school as a general educational institution. This is the "educational institution" intended by the legislature

in the statute under consideration in the instant case. We have then this standard, as interpreted by the court, by which to measure the institution of complainant which seeks the protection of exemption from taxes accorded to general educational institutions.

In our opinion it does not in any way measure up to the standard it has set up and claims for itself. It cannot be called a general educational institution. It is organized and conducted for special purposes only. It completes its courses in three, six, nine, and twelve months. The statute under which it is incorporated prohibits the granting of diplomas by it "unless candidates shall have pursued such course of study for at least two years." It is a matter of common knowledge that during the periods which complainant has fixed for the completion of the subjects indicated in the statement of facts, except typewriting and stenography, students could obtain but a mere smattering of knowledge. Not that this institution and similar ones are not useful and very beneficial to a large class, but to put them, as complainant suggests, in the same class with Hillsdale, Olivet, Albion, and Kalamazoo colleges, well-known institutions in this State, would be giving this statute a construction which the facts will not warrant, and which evidently was not within the legislative intent, and contrary to the former construction. It appears from the record that the incentive to incorporation was to avoid taxation, and not to obtain recognition as a general educational institution.

Complainant is not entitled to the relief asked for another reason, that the property for which exemption from taxation is claimed is not occupied "solely" for the claimed purposes for which it was incorporated. One entire story is used as a residence, and the larger portion of the lot is vacant and held for an advance in value. By this change in the law the legislature has restricted and narrowed the scope of the exemption. Complainant makes no showing as to any irregularity in the matter of the assessment and levy of the taxes in question by defendant city and its as-

sessor, but invokes the statute as exempting it from taxation.

Our conclusion is that it was not entitled to the relief granted. The decree of the circuit court is reversed, and set aside, and the injunction dissolved, and a decree will be entered dismissing the bill of complaint, with costs of both courts to defendants.

Moore, Brooke, Blair, and Stone, JJ., concurred.