## No. 8849.

### PITCHER *v.* MISS WOLCOTT SCHOOL ASSOCIATION.

CONSTITUTIONAL LAW—*Schools—Exemption from Taxation.* Sec. 5 of art. X of the Constitution, exempting from taxation lands used for schools, is to be liberally construed.

Premises occupied solely for a private school, although conducted for profit, are exempt.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

*En banc.*

Mr. JAMES A. MARSH, Mr. JACOB J. LIEBERMAN, for plaintiff in error.

Mr. WILLIAM N. VAILE, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error is a corporation organized under the laws of this state for the purpose of conducting a

school. It owns several buildings, and the grounds upon which they are located, which are admitted to be used for school purposes. In a suit for that purpose it secured a permanent injunction against the assessment of said property for taxes.

Exemption from taxation is claimed under section 5 of Art. X of the State Constitution, and sec. 5545, R. S. 1908. The former reads as follows:

"Lots, with the buildings thereon, if said buildings are used solely and exclusively for religious worship, for schools or for strictly charitable purposes, also, cemeteries not used or held for private or corporate profit, shall be exempt from taxation, unless otherwise provided by general law."

The statutory provision exempts, with other property, "Buildings used exclusively for religious worship, for schools or for strictly charitable purposes, with the grounds whereon the same are situated."

For the plaintiff in error it is urged that the term "schools" as used in the Constitution and the statute must be interpreted as including only schools not conducted for profit; and that the property of the defendant in error, it being admittedly a corporation for profit, is not exempt.

In *Cathedral of St. John v. County Treasurer*, 29 Colo. 143, 68 Pac. 272, this court had under consideration the constitutional and statutory provisions in question in this case, and it was there held that a building and grounds used for a theological school were exempt, notwithstanding the fact that the bishop of the diocese who was an instructor in the school, resided with his family on the premises. It seems to have been conceded that the school property was exempt, unless its occupation as above stated, removed it from the exempted class. The case is authority for a liberal construction of the provisions for exemptions, the court pointing out in the opinion that the purpose of the legislation was "to foster educational institutions by relieving their property, within prescribed limitations, from the burden of taxation. This being the end to be attained, the meaning of the law must be ascertained by a construction within its spirit, purpose and policy, not opposed to its letter."

The letter of the provisions under consideration includes schools without any limitations, and it is urged with some reason, that there was no necessity to mention schools if intended for public schools only, since they are public property, and exempt by Art. X, sec. 4 of the Constitution, and by sec. 5545, R. S. 1908.

In several state constitutions institutions conducted for profit are in terms excluded from an exemption class which would otherwise include them. The absence of such provisions in our Constitution, gives force to the claim that no such limitation was intended. The term "schools" is broad enough to include institutions run for profit, and we find no reason for limiting its plain meaning.

The Constitution of Missouri and that of Nebraska exempt property used exclusively for schools, in substantially the same language as is used in our Constitution, and in both states the exemption has been held to apply to private schools. In *State v. Johnson*, 214 Mo. 156, 113 S. W. 1083, 21 L. R. A. (N. S.) 171, the point was conceded, and the case was decided on a question of the occupation of a part of the property as a residence. It was held, as in the case of *Cathedral v. Treasurer, supra,* that the property was exempt although thus occupied.

In *Rohrbough v. Douglas County,* a commercial college was held to be exempt under the term "school."

Schools conducted for profit have been held exempt under statutes or constitutional provisions which exempt "academies, seminaries, and scientific institutions." *Indianapolis v. Sturdevant,* 24 Ind. 391; *Detroit Home and Day School v. Detroit,* 76 Mich. 521, 43 N. W. 593, 6 L. R. A. 97.

To the Minnesota statute, which exempts colleges, seminaries, etc., is added the clause, "not leased or otherwise used with a view to profit." In *Ramsey County v. Stryker,* 52 Minn. 144, 53 N. W. 1133, of this limitation it is said: "It manifestly refers to other uses of the property than the appropriation and operation of the same for the legitimate purposes of an institution of learning." The court held that it was not necessary to an exemption that the institu-

tions "be conducted free of charge, or that the tuition or compensation received from their patrons might not exceed the expenses incurred in the operation or management of such institutions." In the Michigan case above cited it was said: "Exemption from taxation is the only form of encouragement that our laws provide. The advantage of multiplying the facilities for learning has been rightly regarded as worth to any decent community very much more than can be counted in money."

In *Cathedral v. County Treasurer, supra,* this court said: "The fundamental object of the law was to exempt property used for school purposes from taxation."

This gives to the word "schools" its ordinary meaning, and we find no authority for limiting it to a particular class.

The judgment is affirmed.

Affirmed.

Chief Justice White dissents.