[No. 27679.   Department One.   July 24, 1940.]

WILSON'S MODERN BUSINESS COLLEGE, *Respondent and Cross-appellant*, v. KING COUNTY *et al., Appellants*.[1]

[1]Reported in 104 P. (2d) 580.

*B. Gray Warner* and *Lloyd W. Shorett,* for appellants.

*Thomas N. Fowler,* for respondent and cross-appellant.

MILLARD, J.—Wilson's Modern Business College, a domestic corporation, was reorganized in 1936 as a nonprofit educational corporation, pursuant to Rem. Rev. Stat., § 3863 *et seq.* Upon the theory that a portion of its real estate and all of its personal property are exempt from taxation under Rem. Rev. Stat. (Sup.), § 11111 [P. C. § 6882-7], the college brought this action for refund to it of a portion of the 1937 taxes assessed against its real estate and all of the taxes assessed against its personal property.

Plaintiff operates a business college in Seattle in a four-story building, sixty by one hundred and eight feet, all of which building, except fifty-four hundred square feet of the ground floor, which is leased to private concerns, is used by plaintiff in the operation of

its business college. The usual basic courses, such as English, geography, and arithmetic, are offered as well as the advanced courses of stenography, bookkeeping, business administration, etc. Plaintiff operates as a nonprofit educational institution, which pays no dividends, nor can any dividends be paid on its capital stock under its articles of incorporation. All of the stock of the plaintiff was conveyed to the business educational foundation, which is a nonstock, nonprofit corporation, with a board of seven directors, of which Samuel F. Racine, the president of the business college, is one. Mr. Stone and a Mr. Anderson, who are partners of Racine, of the Samuel F. Racine Company, teach in the business college, for which they are paid $3.50 and $3 an hour, respectively. Mr. Racine draws no salary as president. In 1937, Racine gave to the business college twelve hundred dollars, and Stone made a gift to the business college of one hundred dollars. All of the revenue of the college, after payment of its expenses, is devoted to the purposes of the institution, which is open to all persons upon equal terms.

The trial court held that all of the personal property of plaintiff was exempt from taxation, and that all of the land and building, except the fifty-four hundred square feet of the ground floor and a proportionate part of the land, was exempt. Judgment was entered accordingly, awarding recovery of the taxes paid under protest. Defendants appealed. Plaintiff cross-appealed from the judgment in so far as it held that a proportionate part of the land was taxable.

■ Counsel for appellants first contend that respondent is not a "school or college" within the meaning of the statute, reading as follows, relating to exemption of school property from taxation:

"The following property, to the extent herein limited, shall be exempt from taxation: . . .

"Fifth. All property, real and personal, owned by or used for any school or college in this state, supported in whole or in part by gifts, endowments, or charity, the entire income of which said school or college, after paying the expenses thereof, is devoted to the purposes of such institution, and which is open to all persons upon equal terms: *Provided,* That said property is used solely for educational purposes (or the revenue therefrom be devoted exclusively to the support and maintenance of such institution): *And provided further,* That the real property so exempt shall not exceed forty acres in extent and shall be used exclusively for college or campus purposes, or for dormitories or as a community residence for teachers or employees: Except, however, That any school of collegiate grade and accredited by the State Board of Education shall be entitled to an exemption of not more than forty acres of real property used exclusively for said purposes, but no corporation shall be entitled to more than one such larger exemption, and where the college is under the direction or control of any religious denomination such larger exemption shall be allowed to one college only directed or controlled by such religious denomination: *And Provided further,* That real property owned or controlled by such institution and/or leased or rented by them for the purpose of deriving revenue therefrom shall not be exempt from taxation under the provisions of this section. Before any exemption provided for by this subdivision shall be allowed for any year, the institution claiming such exemption shall file with the County Assessor of the county wherein such property is situated and subject to taxation, on or before the first day of January in such year, a statement verified by the oath of the president, treasurer, or other proper officer of such institution, containing a list of all property claimed to be exempt, the purpose for which the same is used, the revenue derived from the same for the preceding year, the use to which such revenue was applied, the number of students in attendance at such school or college, and the total revenues of the same with the source from which the same was derived, and the purposes to which such revenue were applied, giving the items of such

revenues and expenditures in detail. The County Assessor of the county wherein such property is subject to taxation and such exemption is claimed, shall at all times have access to the books and records of such institution in order to determine whether any property claimed to be exempt from taxation should be exempted under the provisions of this section." Rem. Rev. Stat. (Sup.), § 11111.

Counsel for appellants cite as sustaining authority for its position *Lichtentag v. Tax Collector*, 46 La. Ann. 572, 15 So. 176. In that case, the plaintiff, who operated a school of stenography and typing, sought exemption of his property from taxation under a constitutional provision which exempted all property used exclusively for colleges or other school purposes. The supreme court of Louisiana held that the school was conducted for private profit and was not exempt, stating that the intention of those conducting the business college was to educate a paid class for a specific calling, as an occupation by which the students would be enabled to make their way in life. The court said:

"The institution presupposes all that is required for such a calling has been obtained in some school or college devoted to the purpose of imparting knowledge and mental training."

The supreme court of Louisiana considered education and the word "school" in a very narrow sense. That this is true, is disclosed by the following language from its opinion:

"The word school as employed in the above article is used in the ordinary meaning of the word, and must therefore be applied to the class of institutions which are embraced within that meaning. In its most extensive signification it embraces places where learned men meet for instruction and intercourse, where they may discuss and promulgate ideas of a particular and individual character and promote the dissemination of a particular theory. It embraces the learned of a par-

ticular profession when associated for special purposes, such as the college of surgeons; and it is applied to describe an assemblage of a particular kind, or the followers of a particular teacher in theology, science, philosophy or medicine. It certainly in the Constitution applies to none of these, but is used for the purpose of describing ordinary schools, such as we know in common speech—educational establishments below the grade of college in which elementary knowledge is imparted. Such institutions are for the purpose of instructing young children, and are known as primary or common schools or academies. Such institutions are for acquiring knowledge and mental training."

We cannot agree with the opinion that schools of theology, law, and medicine are not schools or colleges, which is the holding in the case cited. It is a matter of common knowledge that in the high schools, normal schools, colleges, and universities in this state, even though state-supported, such classes as stenography and typing are taught therein. The mere fact that respondent has courses in stenography and typing, would not bar it from the benefit of the statute.

In *Parsons Business College v. Kalamazoo,* 166 Mich. 305, 131 N. W. 553, 33 L. R. A. (N. S.) 921, the plaintiff, which operated a business college teaching the subjects which are usually taught in such institutions, sought exemption from taxation of its property under a statute which provided that real estate owned by an incorporated educational institution with the buildings and other property thereon, while occupied solely for the purpose for which they were incorporated, were exempt from taxation. The Michigan statute provided exemption from taxation of

". . . such real estate as shall be owned by library, benevolent, charitable, educational and scientific institutions incorporated under the laws of this State, with the buildings and other property thereon, while

occupied by them solely for the purposes for which they were incorporated."

The court held that the business college could not be classified as a general educational institution. The exemption was denied on the ground that the incentive to incorporate was to avoid taxation and not to obtain recognition as a general educational institution. Another reason advanced by the court for denying exemption from taxation was that the property was not occupied solely for the claimed purposes for which it was incorporated, one entire story of the building being used as a residence and the larger portion of the land held for an advance in value.

In *Board of Commissioners v. Tulsa Business College*, 150 Okla. 197, 1 P. (2d) 351, under a constitutional provision exempting from taxation all property used exclusively for schools, colleges and other purposes, the supreme court of Oklahoma held that a business college was within the purview of a statutory provision exempting from taxation "all property, both real and personal, of scientific, educational, and benevolent institutions, colleges or societies." The court stated that it was immaterial whether the schools are private or public, and that it is unimportant whether the school is operated at a profit or a loss. If the framers of the constitution, the Oklahoma supreme court observed, had not intended to exempt a private school, it would have been unnecessary to include the word "schools" in the constitutional provision, in view of the fact that all property of the public schools is public property and exempt from taxation. The court cited as sustaining authority *Rohrbough v. Douglas County*, 76 Neb. 679, 107 N. W. 1000, in which the Nebraska supreme court held a commercial college was exempt under the term "school." That is, the court gave to the word "school" its ordinary meaning and adopted

the rule enunciated as follows in *Ward Seminary v. Nashville,* 129 Tenn. 412, 167 S. W. 113:

"We think, therefore, in view of this constitutional admonition and the necessity of schools, that it was the intention of the legislature to exempt property used in educational work, whether such property was owned and such work conducted by individuals or corporations. We know of no one who has accumulated riches in educational endeavor. No abuse is likely to arise if the exemption be confined to property actually used in school work. School teachers have to live, and their property should not be denied exemption when employed in educational work merely because the owners of the property derive some profit from it. In the great majority of cases, this profit is meager, and not at all commensurate with the work done for the youth of our State and the consequent benefit to the whole body politic."

In *Rohrbough v. Douglas County, supra,* the supreme court of Nebraska held that a commercial college teaching such branches as arithmetic, reading, penmanship, spelling, bookkeeping, geography, history, etc., is a school within the meaning of a statute exempting from taxation such property as may be used exclusively for certain societies, for schools, and other purposes.

In *Lawrence Business College v. Bussing,* 117 Kan. 436, 231 Pac. 1039, the plaintiff business college was formerly owned by two persons. Later, the corporation was formed as a nonprofit corporation with the same two persons as the officers and principal instructors. Any excess of receipt over expenses went to these two persons as their salaries or to apply on their salaries, which salaries varied almost proportionately with the total receipts, under which plan the officers of the corporation absorbed all of its income. The court held that, under the constitutional provision of that state exempting from taxation property used exclusively for educational purposes, plaintiff business college was not

entitled to the exemption. While so holding, clearly because the business college was operated for benefit of its owners, the court said:

"The word education as used in an exemption law is not to be construed in accordance with expressions of opinion concerning the purposes of education in general, however sound in that connection, such, for instance, as that education is to be considered 'not as a means of livelihood, but as an adornment of the spirit,' and is to be exalted 'not as a means of getting on in the world, but as a means of understanding and enjoying the world.' (White's Woodrow Wilson, pp. 139, 140.) A business devoted to giving instruction in driving automobiles or piloting air craft does not seem to fit into the ordinary conception of an educational activity, although it may not be easy to say exactly why or just where the line should be drawn. We believe, however, a school of the type usually designated as a commercial college, notwithstanding that the period of its instruction is very short, that the subjects taught are confined to a narrow field, and that its purpose is utilitarian to the last degree, is educational within the scope of that term as employed in the constitutional provision under consideration."

It is patent that the fact that the Lawrence Business College was a commercial college was not sufficient, of itself, to deny exemption from taxation.

It is unnecessary to analyze all of the cases cited. If our legislature had intended to narrow interpretation of the words "school or college" for which appellants contend, we doubt not that a proviso would have been written to bar private schools. In the absence of definition or limitation, we must assume that it was the legislative intent that the exemption should apply to the property of respondent, which is in harmony with the modern concept of education.

The rule invoked by counsel for appellants of strict construction as applied to exemption from taxation does not demand that we give to the words employed

in the creation of the exemption anything other than their ordinary meaning. The plain import of the exemption statute is that the terms "school or college" are not limited to a paid class, and should be given their ordinary meaning. The fundamental object of the statute is to exempt from taxation property used for school purposes, and it would be a narrow construction to hold that business colleges like the respondent are not within the purview of the statute. This is in harmony with *Pitcher v. Miss Wolcott School Ass'n,* 63 Colo. 294, 165 Pac. 608, L. R. A. 1917 E, 1095; *Rohrbough v. Douglas County, supra; Detroit Home & Day School v. Detroit,* 76 Mich. 521, 43 N. W. 593, 6 L. R. A. 97, and *Board of Commissioners v. Tulsa Business College,* 150 Okla. 197, 1 P. (2d) 351. Our statute recognizes the modern concept of education and was enacted in the spirit of authorities cited.

Counsel for appellants next contend that a large percentage of the personal and real property of the respondent is devoted to noneducational use; therefore, respondent has failed to comply with the requirement under Rem. Rev. Stat. (Sup.), § 11111, that its property be used "solely for educational purposes;" and that, as fifty-four hundred square feet of the ground floor of respondent's building is leased for commercial purposes, the building is not used, "solely for educational purposes." It is argued that the exemption statute was not enacted to protect a business college whose advertising expenses constitute from twenty-five to forty-seven per cent of its expenses.

Respondent has not at any time claimed exemption of any of its property which was used for commercial purposes. It claims exemption only as to the property used solely for educational purposes. It is true that some of the income is used for advertising purposes and for commissions to obtain students.

Counsel for appellants concede that advertising expenditures would be proper items of expense, but, doubtless, are insisting that the expenditures for advertising are too high. The trial court referred to the fact that other schools, such as our state university and Whitman College, made certain expenditures which were properly classified as advertising expenses. This phase of appellant's argument lacks substantial merit. While our statute provides that all of the income of the school shall be devoted to the purpose of the institution, it can not be successfully argued that all of the income is not used for the purposes of the school, even if a part of the income is expended in advertising to obtain students.

Nor can we concur in the position of appellants that, as respondent leased to others for commercial purposes fifty-four hundred square feet of the ground floor, the property is not used solely for educational purposes under Rem. Rev. Stat. (Sup.), § 11111. A correct interpretation of the statute is that all the property owned by or used for any school or college "to the extent herein limited" is exempt, if used solely for educational purposes. That is, that portion of the property of the school or college used solely for educational purposes is exempt from taxation.

Some property may be owned by a school or college and not be exempt from taxation if it is not used solely for educational purposes. The statute recognizes that the school or college may be supported in part by gifts or endowments. In some cases, such gifts consist of real or business property which is not used by the institution for educational purposes. The statute provides that, even if some of the income of the school or college may be received from gifts, endowments, or charity, that the "entire income must be devoted to the purposes of the school or college."

*Lakeside Country Day School v. King County,* 179 Wash. 588, 38 P. (2d) 264, involved the proper application of Rem. Rev. Stat., § 11111. In our opinion, there is an implied recognition that a school might own property other than that used for educational purposes. The Lakeside school sought exemption for the real property which was used as a campus. The school was partially supported by gifts and an endowment. All the income of the school was devoted to the purposes of that institution. Our decision was based upon the interpretation of a fourth proviso, which was subsequently eliminated from the statute and is not involved in the case at bar. We said:

"Read as a whole, there can be no doubt that the legislature intended to exempt real estate only to the extent limited for campus purposes; that is to say, not exceeding ten acres for ordinary schools, and forty acres for schools of collegiate grade. The construction contended for by appellant would not only exempt the campus, but any other real estate owned and held for revenue purposes, if the income therefrom be less than the income received from tuition. This construction is wholly at variance with the general purpose of the statute."

As the fourth proviso of the statute required that the annual income from the endowment equal or exceed the income from tuition, we held that Lakeside school was not exempt for the year in question. We recognized, however, in that case the interpretation of the statute as urged by respondent in the case at bar. That is, when the introductory or exempting clause which precedes all of the sections is inserted, the correct interpretation of the fifth subdivision of Rem. Rev. Stat. (Sup.), § 11111, is as follows:

"All property, real and personal, to the extent herein limited, owned by or used for any school or college in this state, . . . the entire income of which said

school or college, after paying the expenses thereof, is devoted to the purposes of such institution . . . shall be exempt from taxation."

The intent of the legislature, manifestly, was to exempt all property of a school or college, but only "to the extent herein limited." The quoted clause has reference to the subsequent conditions recited in the statute. When those conditions are read, it fairly appears that only the property owned by the school which meets those conditions is exempt.

The third proviso does no violence to the preceding sections when interpreted in this light. It requires that real property owned or controlled by the school or college and leased or rented by them for the purpose of deriving revenue therefrom shall not be exempt from taxation. Respondent concedes that the portion of the ground floor referred to as approximately fifty-four hundred square feet which was leased for commercial purposes should be segregated and was not exempt from taxation.

Counsel for appellants next argue that the last portion of the first proviso is inoperative because it is repugnant to the third proviso of the statute, which provides that real property owned by the school or college and used for commercial purposes shall not be exempt from taxation.

A sufficient answer to this argument is *Lakeside Country Day School v. King County, supra.* See, also, *State ex rel. Forks Shingle Co. v. Martin,* 196 Wash. 494, 83 P. (2d) 755. All of the provisos relate back to and modify the exemption clause. Reading the statute as a whole, there can be no doubt of the intent of the legislature to exempt from taxation all parts of the property used for school purposes, while it is just as clear that all parts of the building rented to others

are subject to taxation and, if susceptible of segregation, may be taxed separately. *Norwegian Lutheran Church v. Wooster,* 176 Wash. 581, 30 P. (2d) 381.

■ Appellants next contend that the court erred in holding any of the land exempt from taxation. Respondent insists that the trial court erred in holding even a portion of the land was taxable.

The trial court held that the portion of the real property consisting of approximately fifty-four hundred square feet upon the first floor of the building, and a similar proportionate part of the land used for commercial purposes, were subject to taxation. Counsel for respondent concedes that the fifty-four hundred square feet of the ground floor of building which was leased for commercial purposes was subject to taxation, but that all of the land was exempt.

In *Norwegian Lutheran Church v. Wooster, supra,* we held that, where a portion of a building was used for religious purposes and a part for commercial purposes, that the land, the basement, and the entire first floor of the building which were not used for religious purposes were not exempt, but that the building above the first floor which was used wholly for religious purposes was segregable and was exempt from taxation.

An equitable, a correct, application of the rule that all those parts of the building rented for commercial purposes are subject to taxation, while the remainder of the building used for school purposes is entitled to exemption from taxation, was made by the trial court. That is, the taxation of the leased portion of the building is based on the ratio of value which the portion leased bore to the whole property.

There is no merit to the contention that respondent college is not partly supported by gifts. The evidence discloses that Mr. Racine donated twelve hundred dol-

lars to the college in 1936, and a like gift in 1937. Mr. Stone gave one hundred dollars to the college. Mr. Racine has always donated his services. He has never accepted any salary, nor has he ever received interest on loans made by him personally to the college. He was not repaid interest on money he borrowed from the bank upon his personal note for respondent.

Also without merit is the assignment that the school is not open to all persons upon equal terms.

The judgment is affirmed.

STEINERT, ROBINSON, and SIMPSON, JJ., concur.

BLAKE, C. J. (dissenting)—As appears from the majority opinion, the authorities are about evenly divided on the issue whether a business college is a "school or college" in contemplation of statutes exempting schools and colleges from taxation. Since this court is committed to the rule of strict construction of statutes exempting property from taxation, I think the court should follow the rule of *Lichtentag v. Tax Collector,* 46 La. Ann. 572, 15 So. 176, and *Parsons Business College v. Kalamazoo,* 166 Mich. 305, 131 N. W. 553, 33 L. R. A. (N. S.) 921.

Furthermore, the property is not used "solely for educational purposes." Fifty-four hundred feet of the ground floor is leased for business use. The building, therefore, is certainly not used "solely for educational purposes." Discussing the terms "exclusively" and "solely," Cooley says in his work on taxation (4th ed.), Vol. 2, § 684,

". . . if, in the particular jurisdiction, it is held that the rule of strict construction of exemptions applies to all exemptions, then of course the term is to be more narrowly construed. . . . A building is not 'used exclusively' for a 'purely public charity' where part of it is used by organizations whose activities include other fields than charity."

This court has consistently held for strict construction of tax exemption statutes. "Taxation is the rule, and exemption is the exception." *Spokane County v. Spokane,* 169 Wash. 355, 13 P. (2d) 1084.

[1]Reported in 104 P. (2d) 599.