M. G. ROHRBOUGH ET AL., APPELLEES, V. DOUGLAS COUNTY, APPELLANT.

FILED MAY 17, 1906.   No. 14,583.

1. **Taxation:** EXEMPTIONS. A commercial college, teaching such branches as arithmetic, reading, penmanship, spelling, bookkeeping, geography, history, etc., is a school within the meaning of section 13, art. I, ch. 77, Comp. St. 1905.

2. **School Property:** ASSESSMENT. In assessing property for taxation, which is used partly for school purposes and partly for purposes not exempt from taxation, the value of the part of the property used exclusively for school purposes should be deducted from the total value of the entire property.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JR., JUDGE. *Affirmed.*

*W. W. Slabaugh, F. W. Fitch* and *F. A. Shotwell,* for appellant.

*Benjamin S. Baker, contra.*

OLDHAM, C.

This was an appeal from the board of equalization of Douglas county in the matter of the assessment of certain property situated in Omaha, and used by the owners thereof mainly as a commercial college, known as the "Rohrbough Commercial College." The appeal was tried in the district court on the following stipulation of facts: "It is hereby stipulated by and between the parties in the above entitled action that lot 5, in block 115, in the city of Omaha, Nebraska, and the building thereon, is the property of M. G. and G. A. Rohrbough. It is further stipulated that all of said real estate is used exclusively for commercial college purposes, as shown by exhibit A of the petition, except the east room in the basement and the third story in said building, which said basement room and said third story are rented by the said Rohrboughs for

commercial purposes. It is further stipulated and agreed
by and between the parties in the above entitled action
that said basement room and the said third story consti-
tuted 17½ per cent. of the whole value of said real estate,
and that the remaining 82½ per cent. in value of said
real estate represented by the balance of the basement
story, the first, second and fourth stories of said building
are used by the plaintiffs exclusively for commercial
college purposes, as shown by exhibit A of the petition.
It is further stipulated by and between the parties that
plaintiffs own the said property, and that it was used ex-
clusively for commercial college purposes as shown by
exhibit A of the petition to the extent of 82½ per cent. of its
value at and prior to the time of the assessment made by
said county, of which assessment the plaintiffs bring
complaint. Assessor's valuation $14,000; assessed valua-
tion $2,800." Exhibit A, referred to in the stipulation, is
the course of study taught in the institution, consisting of
such branches as arithmetic, penmanship, reading, gram-
mar, history, bookkeeping, shorthand, typewriting,
French, Spanish, and German language, etc. This exhibit
also shows the tuition charged for instruction in the
various branches of study. On this stipulation of facts the
court found that at the time of the assessment all of the
premises, except the east room in the basement and the
third story of the building, was and is used exclusively for
school purposes, and is exempt from taxation; that the
value of the premises exclusively used for school purposes
is 82½ per cent. of the whole of the lot in dispute; and
that the school conducted in the premises produces an
income from tuition fees and is conducted in part for
private gain. On these findings the court reduced the
amount of the assessment 82½ per cent., the agreed
proportionate value used exclusively for school purposes.
To reverse this judgment the county appeals to this court.

Section 2 of article 9 of the constitution of Nebraska
empowers the legislature to exempt from taxation the
property of the state, counties, and municipal corpora-

tions, both real and personal, and such other property as may be exclusively used for agricultural and horticultural societies, for schools, religious, cemetery, and charitable purposes. Under the authority so conferred, the legislature enacted section 13, art. I, ch. 77, Comp. St., which exempted from taxation—First, all property of the state, counties, and municipal corporations. Second, such other property as may be used exclusively for agricultural and horticultural societies, for schools, religious, cemetery, and other charitable purposes.

It will be noticed that neither the constitution, nor the statute passed in furtherance of its provisions, makes any reference to schools conducted for gain, or to public as distinguished from private schools. Consequently, cases cited in the brief of the county attorney from states whose constitutions or statutes contain this limitation on the exemption lend little assistance in determining the question at issue, and it seems to us unnecessary to go beyond the construction of our own statute by this court to determine whether or not a commercial college, teaching the branches enumerated in exhibit A of the petition, is a school within the meaning of the exemption. In *Omaha Medical College v. Rush*, 22 Neb. 449, it was said that "the word 'school' in section 2, art. I, ch. 77, Comp. St. means an institution of learning, and is not limited to the lower grades of schools." In this case it was determined that a medical college was a school within the meaning of the statute. In *Academy of the Sacred Heart v. Irey*, 51 Neb. 572, the entire property was used for educational purposes, and it was held to be all exempt from taxation. In *Scott v. Society of Russian Israelites*, 59 Neb. 572, it was determined that it was the use and not the ownership of the property that exempted it from taxation. In *Watson v. Cowles*, 61 Neb. 216, the property was used as a commercial college, and it was held that during the years in which it was exclusively used for commercial college purposes it was not subject to taxation. In these several decisions it has been determined that a medical college,

the Academy of the Sacred Heart, and a commercial college are all schools within the meaning of the exemption of our statute, and that where buildings and grounds are used exclusively for these purposes they are exempt from taxation.

The question not covered by these decisions is as to the right to a proportionate exemption in property used partly for exempt and partly for other purposes. This question was before this court in the case of *Young Men's Christian Ass'n v. Douglas County*, 60 Neb. 642. Here a part of the building was used for charitable, educational and religious purposes and a part for commercial purposes, and it was held that the part of the building used for commercial purposes was subject to taxation; and in reaching this conclusion, it was said: "We do not desire to be understood as holding that all of the property mentioned in the petition of appellant is subject to taxation, but only that part which was used for other than the purposes contemplated by the organization maintained by appellant."

We think these decisions fully support the judgment of the trial court, and we recommend that it be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.