STATE ex rel. EVELAND et al., Plaintiffs, v. JOHNS, County Auditor, Defendant.

(178 N. W. 945.)

(File No. 4770.   Opinion filed August 16, 1920.)

**Taxation—Mandamus to Compel Statutory Deduction Re Assessment —What Property Subject to Taxation—Classes—Constitution, Statutes, Construed—Constitutional Statutes—Enforcement By Mandamus.**

Const., Art. 11, Sec. 6, provides that Legislature shall by law exempt from taxation property used exclusively for agricultural, etc., societies, school, religious, cemetery and charitable purposes, and personal property to an amount not exceeding $200. for each individual liable to taxation; Sec. 7 providing that all laws exempting property from taxation, other than that enumerated in sections 5 and 6 of the article, shall be void. Sec. 2, said article, as amended in 1912, provided among other things, that all taxes shall be uniform on all property, and that the value of each subject of taxation shall be so fixed in money that every person * * shall pay a tax in proportion to value of his property. In 1918 this section was amended to provide, among other things, that to the end that burden of taxation may be equitable on all property, and that no property subject to taxation shall escape, Legislature may divide all property, including moneys and credits and physical property into classes, and determine what class or classes shall, and what shall not, be subject to taxation, and that taxation shall be uniform on all property of same class. **Held,** that the power thus conferred on Legislature to determine what class or classes shall be subject, and what classes shall not be subject, to taxation, is inconsistent with Sec. 6, limiting legislative power to declare exemptions of personalty to an amount not to exceed $200. for each individual liable; therefore, **held,** that Chapters 105, 106, Laws 1919, expressly providing that county auditor shall deduct, after county equalization, the exemptions authorized by said acts respectively (fixed therein at $500.) from total amount of the assessment, and shall levy taxes on remainder, is a valid and constitutional exercise of legislative power and authority; which duty imposed on the auditor, being plain and specific, is enforceable by writ of mandamus.

Whiting, J., taking no part in the decision.

Original proceeding in mandamus, by the State of South Dakota on the relation of H. L. Eveland, H. C. Preston, and Hugh Smith, as the State Tax Commission, to compel the defendant, H. H. Johns, as County Auditor of Lawrence County, South

Dakota, to deduct $500 from the assessed valuations of dwelling-houses, etc.   Writ granted.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Plaintiff.

*Francis Parker,* States Attorney, for Defendant.

SMITH, J.    Proceeding by mandamus, instituted by the state tax commission against defendant, Johns, as county auditor of Lawrence county, to compel the deduction of $500 from assessed valuations of dwelling houses, household furniture, farm tools and machinery, and tools of mechanics, as required by chapters 105 and 106, Session Laws 1919.   Defendant pleads the unconstitutionality of the two legislative acts referred to; his contention being that they are in conflict with sections 6 and 7, art. 11 of the Constitution, which are as follows:

Sec. 6.    The Legislature shall, by general law, exempt from taxation property used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes and personal property to *an amount not exceeding in value two hundred dollars for each individual liable to taxation.*

"Sec. 7.   All laws exempting property from taxation, other than that enumerated in sections 5 and 6 of this article, shall be void."

These two sections were contained in the original Constitution adopted in this state.   Section 2 of article 11 of the original Constitution, as amended in 1912, was as follows:

"All taxes shall be uniform on all property and shall be levied and collected for public purposes only.   The value of each subject of taxation shall be so fixed in money that every person and corporation shall pay a tax in proportion to the value of his, her or its property.   Franchises and licenses to do business in the state, gross earnings and net income, shall be considered in taxing corporations and the power to tax corporate property shall not be surrendered or suspended by any contract or grant to which the state shall be a party.   The Legislature shall provide by general law for the assessing and levying of taxes on all corporate property as near as may be, by the same methods as are provided for assessing and levying of taxes on individual property."

In 1918 this section was amended to read as follows:

"To the end that the burden of taxation may be equitable upon all property, and in order that no property which is made subject to taxation shall escape, the Legislature is empowered to divide all property including moneys and credits as well as physical property into classes, and to determine what class or classes of property *shall be subject to taxation, and what property, if any, shall not be subject to* taxation. Taxes shall be uniform on all property of the same class, and shall be levied and collected for public purposes only. Taxes may be imposed upon any and all property including privileges, franchises, and licenses to do business in the state. Gross earnings and net incomes may be considered in taxing any and all property, and the valuation of property for taxation purposes shall never exceed the actual value thereof. The Legislature is empowered to impose taxes upon incomes and occupations, and taxes upon incomes may be graduated and progressive and reasonable exemptions may be provided."

It is plaintiff's contention that this amended section by necessary implication, repeals the concluding portion of section 6, which reads, "not exceeding in value two hundred dollars for each individual liable to taxation," together with section 7.

The amended section 2, so far as material to the question under discussion, reads as follows:

"To the end that the burden of taxation may be equitable upon all property; * * * the Legislature is empowered * * * to determine what class or classes of property shall be subject to taxation and what property, if any, shall not be subject to taxation."

We think no discussion is necessary to demonstrate our conclusion that the power thus conferred upon the Legislature to determine what class or classes of property shall be subject to taxation, and what property shall not be subject to taxation, is wholly inconsistent with section 6 limiting the power of the Legislature to declare exemptions of personal property to an amount "not exceeding in value two hundred dollars for each individual liable to taxation."

The language used by this court in Schaaf v. Rural Credits Board, 39 S. D. 377, 164 N. W. 964, is pertinent here:

"Under the broad and comprehensive effect of section 1, art.

13, as it existed prior to 1916, a rural credits law, such as the one in question, could not have been legally enacted by our Legislature in the exercise of its plenary power. To expressly give power to the Legislature to enact such a law the said amendment was adopted at the 1916 general election. Under the well established rules governing the construction of Constitutions, adhered to by the courts of this country, where a power is expressly granted to a legislative body, everything necessary to effect and carry out the object and purposes of the express power thus granted is also, by necessary implication, granted to the Legislature and the executive officers who are intrusted with the duty of administering such power. It therefore necessarily follows that every other provision of the state Constitution in conflict with the express power thus granted, and its substantial fulfillment, are to that extent modified and qualified and made subservient to the purposes of the express power so granted."

We are therefore of the view that chapters 105 and 106, Session Laws of 1919, is a constitutional and valid exercise of legislative power and authority. Each of these acts expressly requires that—

"The county auditor shall deduct, after county equalization, the exemptions authorized by this act [fixed therein at $500] from the total amount of * * * assessment, and levy taxes upon the remainder."

The statute thus imposes upon the county auditor a plain and specific duty, which may be enforced by judicial mandate, and the writ demanded must be granted.

WHITING, J., took no part in this decision.