DAKOTA LODGE NO. 1, I. O. O. F., Appellants, v. YANKTON COUNTY, Respondent.

(228 N. W. 238.)

(File No. 6529. Opinion filed December 17, 1929.)

For former opinion see 223 N. W. 330.

*Boyce, Warren & Fairbank,* of Sioux Falls, *Clark & Wyman,* and *Lars A. Bruce,* all of Yankton, and *W. G. Rice,* of Deadwood, for Appellant.

*Lee H. Cope, Orvis & French,* and *H. A. Doyle,* all of Yankton, for Respondent.

BROWN, J. ▮ This case is before us on rehearing. The original opinion from which Judge Campbell dissented is reported in 223 N. W. 330. The decision in the principal opinion turns almost entirely on the question of whether or not plaintiff is a charitable society, and that was the question that was particularly stressed in the brief and argument of appellant. The reargument of the case has not persuaded us that plaintiff is a charitable society within the popular meaning of the word charitable, but the statute (Rev. Code 1919, § 6670) providing for the exemption from taxation, of which appellant seeks to avail itself, provides for the exemption of "all property belonging to any charitable, benevolent, or religious society," and we are now of the opinion that the aspect of appellant as a benevolent society was not given sufficient consideration in the majority opinion. We are inclined to agree with the statement in Judge Campbell's dissent that, while the word "benevolent" as applied to a society or organization would probably include "charitable," it is of broader significance, and we think this view is borne out by the use of the word in past legislation of the state and its predecessor, the territory of Dakota. In determining the meaning attached to the word "benevolent" in the exemption of property of benevolent societies from taxation, we must presume that the word was used in the same sense as it is used by the Legislature in other kindred statutes; not merely in statutes on the same subject, but in statutes on cognate subjects. 36 Cyc. 1146.

Chapter 3, title 2, part 3 of the Territorial Civil Code of 1877 (sections 373-569) deals with the subject of corporations. Article 14 of that chapter (sections 538-562) is entitled: "Religious, Educational and Benevolent Corporations." Subdivisions of this article are entitled: "Religious Corporations," "Institutions of Learning," "Cemetery Corporations," and "Other Benevolent Corporations." Under the last-named head it is provided that associations for benevolent and charitable purposes may be incorporated "to establish and maintain lodges, chapters and encampments of fraternities or associations commonly known as free masons, independent order of odd fellows, good templars, sons of temperance and other like benevolent orders or societies." It seems plain from this language that the word "benevolent" was not used by the Legislature as synonymous with "charitable." Good Templars and Sons of Temperance were not organizations to dispense charity, but to promote sobriety or abstinence from the use of intoxicating liquors as a beverage. Yet they were declared by the Legislature to be benevolent orders or societies, and as such were put in a class with Free Masons and Odd Fellows, thus showing that the Legislature deemed Free Masons and Odd Fellows to be benevolent orders or societies. This classification of Odd Fellow's associations as benevolent societies for the purpose of incorporation has been continued in all changes and revisions of the code down to the present time, Comp. Laws 1887, § 3162, Laws 1890, c. 52, § 1, Rev. Code 1903, § 739, Rev. Code 1919, § 8854; in all of which the Independent Order of Odd Fellows was included with other named societies under the general head of benevolent corporations.

█ The meaning thus attached by the Legislature, through a long period of years, to the word "benevolent," as used in designating the character of societies for the purpose of incorporation, cannot be ignored in endeavoring to ascertain the meaning attached to the use of the same word in designating the societies whose property shall be exempt from taxation, and we think that, in providing for the exemption of all property belonging to any charitable, benevolent, or religious society, the Legislature must have contemplated the inclusion of such societies as were deemed benevolent societies for the purpose of incorporaiton as such, and the appellant is a benevolent society whose property was exempt from taxation under the provisions of Rev. Code 1919, § 6670.

■ This conclusion renders necessary a consideration of a question which it was deemed unnecessary to decide in the opinion on the original hearing, namely, whether appellant can maintain an original action for the recovery of the taxes paid. In Security National Bank v. Twinde, 52 S. D. 352, 217 N. W. 542, it was pointed out that there existed under the statutes of this state two methods for the recovery of alleged illegal or unlawful taxes, one under section 6826 of the code (Rev. Code 1919), whereby the person claiming a tax charged against him may pay the same under protest and recover the amount, if illegal, in an action commenced by him within 30 days thereafter. The present action was commenced on June 23, 1926, but it is not claimed that any of the taxes paid are recoverable pursuant to section 6826. This section provides that, in all cases in which, for any reason, it is claimed that any tax about to be collected is wrongful or illegal in whole or in part, "the remedy, except as otherwise expressly provided by this code," should be as provided in that section. The only other remedy provided by the code is found in sections 6813 to 6821, inclusive, providing for a refund of taxes by the board of county commissioners in certain cases; among others, "when the complainant or the property is exempt from the tax." Section 6813. This remedy, which may be designated "the refund" statute, includes section 6819, which reads as follows: "6819. Right of Appeal. The same right of appeal to the circuit court from the decision of the board of county commissioners, compromising, abating or refunding any tax, shall exist and be governed by the rules of procedure as appeals from decisions from such board in other matters, the right to proceed under the provisions of this code relating to actions to recover taxes paid, under protest, not being qualified or limited by this article." The right to proceed by action to recover taxes paid under protest being thus expressly exempted from the operation of section 6819, providing for appeal, would seem to imply that it was intended that decisions of the board on applications under the refund statute could only be questioned upon appeal from such decisions. Application for refund was made by appellant to the board of county commissioners under the provisions of the refund statute. The application was denied, and no appeal was taken from the decision of the board, but this original action in the circuit court was commenced to recover the amount of

the tax claimed to be illegal. We think the remedy by appeal from decisions of the board of county commissioners on application for refund of a tax claimed to be illegal is exclusive, and that an original action to recover the amount of the claimed illegal tax cannot be maintained. The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

CAMPBELL, J., concurs in result.