## BOARD OF COM'RS OF TULSA COUNTY v. TULSA BUSINESS COLLEGE.

No. 20824. Opinion Filed July 7, 1931.

Byron Kirkpatrick, Co. Atty., and Hugh Webster, Asst. Co. Atty., for plaintiff in error.

C. A. Steele and W. A. Daugherty, for defendant in error.

HEFNER, J. Herein is involved the question of the exemption from taxation of the property of the Tulsa Business College. It claims that both its real and personal property is exempt from taxation because it is used exclusively for a school or college and exclusively for educational purposes. The board of county commissioners of Tulsa county held the property taxable on the ground that the school was operated for profit. On appeal to the district court, the property was held exempt from taxation, and that judgment is brought here for review.

The record discloses that the college offers courses in bookkeeping, shorthand,

stenotypy, typewriting, penmanship, business English, letter-writing, higher accounting, commercial law, salesmanship, economics, office management, secretarial studies, advertising, and business administration.

The question for our determination may be stated as follows: Is the property of a private school or educational institution operated for profit exempt from taxation? Whether or not it is depends upon our constitutional and statutory provisions. Section 6, art. 10 of the Constitution, provides:

"All property used for free public libraries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States, * * * shall be exempt from taxation."

Section 9575, C. O. S. 1921, paragraphs 10 and 11, are as follows:

"Tenth. All property, both real and personal, of scientific, educational, and benevolent institutions, colleges or societies, devoted solely to the appropriate objects of these institutions.

"Eleventh. The books, papers, furniture, scientific or other apparatus pertaining to the above institutions, and used solely for the purpose above contemplated (and the like property of students in any such institution used for the purpose of their education)."

The provisions specifically exempt from taxation all property used "exclusively" for schools or colleges. They make no mention as to whether they are private schools or public schools. Neither is there any mention made as to whether or not they shall or shall not be run for a profit. The requirement is that they shall be used exclusively for schools or colleges. Under these provisions, as we view it, it is immaterial as to whether or not the institution produces a profit or loss. If it had been the intention of the framers of the Constitution to exempt a private school, then there would have been no necessity for including the word "schools" in the constitutional provision, because all property of the public schools is public property and exempt from taxation.

While there are some authorities to the contrary, we think the general rule is stated by the Supreme Court of Colorado, in the case of Pitcher v. Miss Wolcott School Ass'n, 165 Pac. 608. There it is said:

"The term 'schools' is broad enough to include institutions run for profit, and we find no reason for limiting its plain meaning.

"The Constitution of Missouri and that of Nebraska exempt property used exclusively for schools, in substantially the same language as is used in our Constitution, and, in both states, the exemption has been held to apply to private schools. * * *

"In Rohrbough v. Douglas County, 76 Neb. 679, 107 N. W. 1000, a commercial college was held to be exempt under the term 'school.'

"Schools conducted for profit have been held exempt under statutes or constitutional provisions which exempt 'academies, seminaries, and scientific institutions.' * * *

"This gives to the word 'school' its ordinary meaning and we find no authority for limiting it to a particular class."

We think the correct rule is also announced in the case of Ward Seminary v. Nashville (Tenn.) 167 S. W. 113. There it was said:

"We think, therefore, in view of this constitutional admonition, and the necessity of schools, that it was the intention of the Legislature to exempt property used in educational work, whether such property was owned and such work conducted by individuals or corporations. We know of no one who has accumulated riches in educational endeavor. No abuse is likely to arise if the exemption be confined to property actually used in school work. School-teachers have to live, and their property should not be denied exemption when employed in educational work merely because the owners of the property derive some profit from it. In the great majority of cases, this profit is meager, and not at all commensurate with the work done for the youth of our state and the consequent benefit to the whole body politic."

It is the use to which the property is devoted, and not the presence or absence of pecuniary profit to the owner, which determines whether or not the property is exempt from taxation. In the present case, it is admitted that the property is used "exclusively" for school purposes. Since it is used exclusively for school purposes, we think it clearly comes within the exemption.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.