82 So.2d 539

**BIRMINGHAM BUSINESS COLLEGE, Inc.**

v.

**L. A. WHETSTONE, Tax Assessor of
Jefferson County.**

6 Div. 743.

Supreme Court of Alabama.

Sept. 22, 1955.

John Ike Griffith, Birmingham, for appellant.

Graham, Bibb, Wingo & Foster, Birmingham, for appellee.

SIMPSON, Justice.

Appeal from a decree of the circuit court in equity sustaining demurrer to the appellant's substituted bill of complaint as last amended and dismissing it.

■ The bill sought a construction of Act No. 40 of the 1950 General Acts of Alabama, Fifth Special Session, Code 1940, Tit. 51, § 14(2), so as to apply the exemption provided for in the Act to the property of appellant. Such procedure has been allowed. Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399; Holt v. Long, 234 Ala. 369, 174 So. 759; Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479; 11 A.L.R.2d 362n.

The statute up for construction provides:

"Section 1. That all property owned and used by a college for the purpose of housing students, members of the faculty or other employees of the college is exempt from taxation.

. . . "Section 2. That all property owned by a college and held for the bona fide purpose of being used for enlargement of a campus or for the development of a new campus is exempt from taxation."

■ At the outset we take note of the well known rule of construction: "'"* * * exemptions from taxation, whether statutory or constitutional, are to be strictly construed, against the exemption and in favor of the right to tax, and * * * no person or property is to be exempted unless the intention to exempt such person or property clearly appears in some statute or constitutional provision."'" State v. Bridges, 246 Ala. 486, 21 So.2d 316, 317, 159 A.L.R. 678, as quoted from Anniston City Land Co. v. State, 160 Ala. 253, 48 So. 659.

Prior to the 1950 act, narrow construction of § 91, Art. 4, Constitution of 1901, and § 2, Title 51, Code 1940, required actual exclusive use of property for school purposes to be exempt. The 1950 act, however, does not use the generic term "school" in broadening the exemption nor does it limit the exemption to use exclusively for school purposes. Ownership and use for housing students, etc., and ownership for the bona fide purpose or contemplated use for enlargement of the campus, etc., are the two tests, either of which qualifies a college for the exemption.

■ Clearly the language requires bona fide ownership and use or contemplated use for the stated purpose in both sections of the act. In the matter before us the record discloses that the business college both owned and used the property within the meaning of the statute: from October to May, 1952, the owner held the property for enlargement of the campus; from May until the end of the taxable year (1952), the owner used the property for housing students. This meets the requirements of ownership and use.

The real question, then, is, Does the 1950 act, which specifically uses the word "college," apply to a business college? This question was left undecided in the Bridges case, supra.

■ This court has held that this same institution is an educational institution within the meaning of the constitution and laws of the State. City of Birmingham v. Birmingham Business College, Inc., 256 Ala. 551, 56 So.2d 111.

It is clear from the 1945 opinion of the late, lamented Chief Justice Gardner in the Bridges case that in construing school tax exemption statutes prior to the 1950 act, no conclusion had been reached in this state as to the status of a business college. In

the Bridges case exemption was denied on property where Massey Business College used only the second and third floors of a building, the first floor being used for commercial purposes. The decision turned specifically on use "exclusively for schools": the whole piece of property must have been used solely and exclusively for schools to qualify for the exemption.

Little aid comes from looking to the legislative intent: the House and Senate Journals are silent except for an amendment offered but later withdrawn by Senator Boutwell of Jefferson, in which he suggested limitation to colleges "accredited by the Southern Association of Colleges and Secondary Schools or the Association of American Colleges." Just why the amendment was withdrawn does not appear, but it could be argued with reason that it was decided by the Senator and Representatives Meeks and Gibson, also of Jefferson, who introduced the bill, that the intention was to broaden the base of the exemption to include all colleges which could qualify as to ownership and use.

■ "College" is defined in Black's Law Dictionary:

"In the most common use of the word, it designates an institution of learning (usually incorporated) which offers instruction in the liberal arts and humanities and in scientific branches, but not in the technical arts or those studies preparatory to admission to the professions. Com[monwealth] v. Banks, 198 Pa. 397, 48 A. 277; Chegaray v. [Mayor, etc., of City of] N[ew] Y[ork], 13 N.Y. [220] 229. Also applied to all kinds of institutions from universities or departments thereof to 'business colleges', 'barber colleges', etc. State [ex rel. Jones] v. Erickson, 75 Mont. 429, 244 P. [287] 289, 291."

Other jurisdictions have held business colleges within or without the exemption statutes. 95 A.L.R. 75. Frequently the cases have turned on the incorporated character of the institution or the purpose for which established. In Lawrence Business College v. Bussing, 117 Kan. 436, 231 P. 1039, the court found that a school maintained for the financial gain of the owner is not exempt; Parsons Business College v. City of Kalamazoo, 166 Mich. 305, 131 N.W. 553, 33 L.R.A.,N.S. 921, held a business college incorporated chiefly for avoiding taxes not exempt within the school provisions.

Here, however, these distinctions are not material: the Birmingham Business College, as alleged in the bill, is an educational institution incorporated as a nonprofit corporation. There is no attack upon it for its organizational structure or its corporate purpose. The bare question is whether it is a college within the terms of the statute.

■■ The evident purpose of the statute is to aid colleges by giving them relief from taxes; in the absence of an intention to the contrary the institutions to be assisted are educational institutions properly organized under the laws of the State. It is our opinion that this educational institution is legally established as a college and so within the provisions of the 1950 act. Wilson's Modern Business College v. King County, 4 Wash.2d 636, 104 P.2d 580; Lawrence Business College v. Bussing, supra; State v. Erickson, supra; Board of Comm'rs of Tulsa County v. Tulsa Business College, 150 Okl. 197, 1 P.2d 351.

It results as our conclusion, therefore, that demurrer was erroneously sustained.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.