WIGGINTON, Acting Chief Judge.
Appellee Jones Business College brought suit seeking a decree declaring that its real and personal property is exempt from ad valorem taxation under the applicable provisions of our State Constitution and statutes, and enjoining the taxing officials of Duval County from further assessing its property for taxation. From a decree adjudging that plaintiff is entitled to the claimed exemption, the taxing officials have appealed.
The complaint, filed in April, 1957, alleges that plaintiff is a non-profit educational institution and that its real and personal property for which exemption is claimed is used exclusively for educational purposes within the meaning of the constitution and statutes granting an exemption from taxation.
Defendants’ answers join issue on this controlling allegation of the complaint, and allege that plaintiff is a commercial business operated for a profit and not entitled to the tax exemption which it seeks.
Extensive testimony was taken before the chancellor who entered a final decree containing his findings and conclusions. The facts do not appear to be in serious dispute. It appears to be appellants’ contention that the chancellor misconceived the legal effect of the evidence, and applied to the issues an incorrect principle of law.
The findings made by the chancellor, supported by competent and substantial evidence, determine that plaintiff is a non-profit corporation under the laws of this state having operated under its charter as an educational institution since 1948. Plaintiff’s activities have been and are to maintain and operate an educational institution developing learning and skill in the field of business law and accounting, and in stenographic and secretarial capacities. The educational subjects taught by plaintiff substantially parallel like subjects taught in the public schools and higher educational institutions of Duval County and elsewhere in Florida. The curriculum covers training and instruction in mathematics, business law, business English, typewriting, shorthand, spelling, accounting, economics, public speaking and federal taxation, among others. During its existence as a non-profit *762 corporation plaintiff’s student body has substantially increased from 100 to more than 1,000 students. During its existence the provision of plaintiff’s charter prohibiting any officer, member of the board of trustees or employee from receiving any pecuniary profit from plaintiff’s operation except for reasonable compensation for services rendered has been and is being carried out, and that the compensation paid its officers and employees is reasonable in the light of the services rendered by them. Plaintiff’s assets have not been distributed, and as they increase they have been used to expand the educational facilities of the school. Plaintiff is accredited by the Accrediting Commission of Business Schools, an agency recognized as such by the Commissioner of Education, Department of Health, Education and Welfare, Washington, D. C. Successful completion of certain of plaintiff’s courses of study is accepted by the Florida State Department of Education for teacher accreditation purposes. Continuously since 1951 plaintiff has been declared exempt from the payment of federal income tax, based upon a determination by the United States Treasury Department that plaintiff has operated and is operating exclusively for educational purposes. Plaintiff owns certain described real property in Duval County on which is located two buildings used exclusively as dormitories and dining rooms for female students enrolled in the school. The ownership and operation of these dormitories and dining room is an integral part of plaintiff’s educational facilities and activities. Plaintiff owns certain described personal property located in its dormitories, classrooms and administrative offices, all of which is necessary to the operation of the school and is used exclusively for educational purposes. Plaintiff’s complaint represents its claim for exemption from the payment of real and personal property taxes for the year 1957, and it has properly filed its claim for exemption from the payment of like taxes for the year 1958. Plaintiff has paid all real and personal property taxes assessed against it for the year 1956 and prior years, and has waived any claim for reimbursement on account of such payment.
Based upon the foregoing facts so found by the chancellor he decreed that the real and personal property for which exemption is claimed was during the year 1957 and has since been used exclusively for educational purposes within the terms and conditions of Article XVI, Sec. 16 of the Florida Constitution, F.S.A., and therefore was and is wholly exempt from any and all taxes, 'assessment of taxes, levy of taxes, sale or attempted sale of and from taxes of any kind, nature and description for the years 1957 and 1958. It was further decreed that any and all taxes or tax sales of such property at any time from and including January 1, 1957, are declared null and void and of no effect. The decree enjoins the defendant taxing officials from selling or attempting to sell or transfer any of the real or personal property mentioned in the complaint by reason of any tax or tax certificate or certificates now outstanding for the years 1957 and 1958 on any of said property.
The controlling provision of the constitution applicable to the issues raised in this proceeding is Article XVI, Sec. 16, which provides:
“The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes.”
The statute adopted in effectuation of the foregoing provision of the constitution is F.S. Sec. 192.06, F.S.A.:
“Property exempt from taxation. The following property shall be exempt from taxation: * * * (3) Such property of education, literary, benev *763 olent, fraternal, charitable and scientific institutions within this state as shall he actually occupied and used by them for the purpose for which they have been or may be organized; * * *»
It appears to he appellants’ contention that under the facts disclosed by the record the plaintiff corporation cannot be held to be an educational institution within the meaning of the exemption provisions of the constitution and statute. Such position is grounded upon the theory that in order to be entitled to the claimed exemption, it must be shown that the person seeking such exemption is the type of institution in which a general educational program is offered. As we interpret appellants’ position, a school or college cannot be considered an educational institution entitled to tax exemption unless its curriculum includes courses of study which substantially parallel those offered in primary and elementary public schools and institutions of higher learning owned and operated by the state. If this contention can be sustained as a matter of law, it would follow that the decree appealed from is erroneous and should be reversed. It is clear from the evidence, as well as the chancellor’s findings, that although the courses of study offered by the plaintiff in this case parallel courses •offered in the public school system and institutions of higher learning in Florida, it is obvious that the curriculum is not sufficiently broad to include all or a substantial number of the courses offered in the public school system.
In the Florida-Adirondack School case[1] a complaint was filed by the institution to enjoin the assessment and collection of taxes against its property. The plaintiff was an educational institution chartered for the purposes of carrying on and transacting business as a school or academy for the promotion of knowledge. Its real and personal property was devoted exclusively to school purposes, and such profits as were realized from the operation of the school were distributed as dividends to the stockholders. The school operated only during three months of the winter season in Florida, following which the students were transferred to and resumed their studies at a school located in New York State. The taxing officials in that case contended that plaintiff was not an educational institution within the meaning of the exemption provisions of the constitution and statutes, but was a commercial enterprise operated for a profit. In affirming the chancellor’s decree declaring the school property to be exempt from taxation, our Supreme Court held that the right to exemptions will not be determined by the character of the corporation, but by the character of the purpose for which the involved property is held and used. The fact that the school earns a profit on its operation will not defeat its right to exemption from taxation if the earned profit is merely incidental to the occupancy and use of the property for educational purposes. It was there held that the legislature has the authority to define and limit its educational purposes and having failed to do so, it must be assumed that it was the legislative intent that the exemption should apply to the property “held and used exclusively” for any educational purposes. The record having disclosed without question that the property for which exemption was sought was in fact held and used exclusively for the operation of the school, the decree declaring it exempt from taxation was affirmed. From the foregoing it appears our Supreme Court refused to place any restriction on the type of institution entitled to the exemption so long as its property was devoted exclusively to educational purposes. As support for its opinion, the Supreme Court cited a number of cases decided in other jurisdictions, including two on which we will presently comment.
At the same term in which the Florida-Adirondack case was decided, our Supreme *764 Court rendered its opinion in the Rembrandt Corporation case.[2] In that case the plaintiff sought exemption from taxation on the ground that it was an educational institution whose property was devoted exclusively to educational purposes. The plaintiff was a corporation whose property was located adjacent to the John and Mabel Ringling Museum of Art at Sarasota. The plaintiff was exclusively a school of art whose location was dictated by the advantages afforded its students to study the works of art located in the Ringling Museum. It is apparent from the decision that the school did not offer a general educational program to its students that could have been considered parallel to courses offered in state supported institutions. Our Supreme Court held, nevertheless, that the property of the art school was devoted to educational purposes and therefore was exempt from taxation under the constitution and statutes of this state.
The liberal construction placed upon the exemption provisions of our constitution and statute by our own Supreme Court regarding educational institutions is in conformity with the great majority of courts in other jurisdictions dealing with the same subject. Although decisions rendered in cases arising in other states of our nation are based upon constitutional and statutory provisions which vary in minor respects from our own, the difference is not so great as to affect a general trend of thought on this subject.
In the Florida-Adirondack case mentioned above there was cited in support of the rule stated therein the case of Rohr-baugh v. Douglas County decided by the Supreme Court of Nebraska[3], and Board of Commissioners of Tulsa County v. Tulsa Business College decided by the Supreme Court of Oklahoma.[4]
In the Rohrbaugh case the plaintiff was a commercial college offering courses similar to the plaintiff in the case now under consideration. It claimed exemption from taxation under provisions of a constitution and statute similar to those prevailing in Florida. The courses of study taught in the plaintiff college were even more restrictive than those taught in the school operated by plaintiff in this case. It was there-contended that the plaintiff was not an educational institution within the meaning of the constitution and statutory provisions relating to exemption from taxation, but was a commercial enterprise operated primarily for a profit. The court held that the property of the commercial college was used for educational purposes within the meaning of the exemption provisions afforded by the law of this state and was therefore exempt from taxation.
The Tulsa Business College case likewise involved a suit by a business college to obtain exemption from taxation of its real and personal property devoted exclusively to the purposes of the college as afforded by provisions of the Oklahoma constitution and statutes which are similar in many respects to our own. The courses of study shown to be offered by the business college were almost identical to the courses taught by the plaintiff in this case. The same contention was made as was made in the case now considered, and was grounded upon the theory that a business college is not an educational institution, but is primarily a commercial venture operated for-profit. The Supreme Court of Oklahoma refused to restrict the term “schools or colleges” to institutions offering a general educational program, and therefore held that plaintiff’s property was exempt from, taxation.
Appellant contends that the rule which should be adopted by this court in this case is that announced by the Supreme Court of Michigan in the case of City of *765 Detroit v. Detroit Commercial College.[5] On facts strikingly similar to those found by the chancellor to have been established in this case, the Supreme Court of Michigan held that a business college was not an educational institution devoted to educational purposes as contemplated by the basic and statutory law of that state. It was held that the college was conducted for special purposes only and did not offer a general educational program as was necessary to entitle it to exemption. We concede this rule is followed by courts in some other jurisdictions, but represents the minority view prevailing in this country.[6]
History tells us that both immediately before, as well as during the dark days of the reconstruction period following the War between the States, the students of Florida received their education primarily in private schools.[7] Current events portend that history in the making is about to repeat itself. Coercive writs emanating from courts in the Federal System are gradually wresting from the respective states of this nation the control and management of their public school systems. Forced compliance with social philosophies repugnant to the mores of our citizens is now being required in public school administration. As a result our State Legislature is presently engaged in the consideration of laws which will permit the compulsory closing of our public schools, and provide a subsidy with which students may attend private schools of their choice. Under existing circumstances sound reason dictates that our laws should not be construed in such a narrow fashion as to discourage the continuance or impede the establishment of the very private schools on which our students may soon be forced to depend for an education. As said by Justice Sebring in the Cushman case[8] “exemptions from taxation will be granted by the sovereign only when and to the extent that it may be deemed that such exemptions will conserve the general welfare. Hence it is the rule that a provision of the constitution or a statute will be construed strictly against one attempting to bring himself within the exemption. * * * But this does not mean that where an exemption is claimed in good faith, the provision of law under which the claimant attempts to bring himself is to be subjected to such a strained and unnatural construction as to defeat the plain and evident intendments of the provision.” The educational characteristics of plaintiff’s operation, considered in the light of the general welfare, impel the conclusion reached herein.
It is our view that under the facts established in this case the plaintiff is an educational institution whose property sought to be exempt is used exclusively for educational purposes. As such, it is entitled to the tax exemption claimed by it.
We have carefully considered the remaining points on appeal, but find that appellant has failed to clearly demonstrate the occurrence of reversible error. The decree appealed from is accordingly affirmed.
CARROLL, DONALD, J„ and FUS-SELL, CARROLL W., Associate Judge, concur.

. Lummus v. Florida-Adirondack School, Inc., 123 Fla. 810, 168 So. 232.

.Strobmeyer v. Rembrandt Corporation, 128 Fla. 833, 168 So. 242.

. 76 Neb. 679, 107 N.W. 1000.

. 150 Okl. 197, 1 P.2d 351, 352.

. 1948, 322 Mich. 142, 33 N.W.2d 737.

. 95 A.L.R. 75-76; Wilson’s Modern Business College v. King County, 1940, 4 Wash.2d 636, 104 P.2d 580.

. Lummus v. Florida-Adirondack School, Inc., supra note 1.

. Lummus v. Cushman, Fla.1949, 41 So.2d 895, 897.