SOUTH DAKOTA HAIRSTYLING, INC., Appellant v.
MINNEHAHA COUNTY, et al., Respondents

(227 N.W.2d 431)

(File No. 11466. Opinion filed March 26, 1975)

**Woods, Fuller, Shultz & Smith,** and **J. B. Shultz,** Sioux Falls, for plaintiff and appellant.

**Gene Paul Kean,** State's Atty., Minnehaha County, for defendants and respondents.

DOYLE, Justice.

In this action the plaintiff, South Dakota Hairstyling, Inc., doing business as South Dakota Hairstyling Academy (Academy), sought judgment declaring certain personal property to be exempt from taxation because it was used for educational purposes. The action was tried to the court without a jury, and the Academy appeals from an adverse judgment.

The Academy is a business corporation organized and operated for profit under the laws of the State of South Dakota. The Academy operates a beauty school in Sioux Falls, South Dakota, under the guidance of Mr. William G. Psychos, who has been president of the corporation for more than nine years. While the Academy owns no real estate it is the owner of considerable personal property used in connection with its operation, and it is such personal property for which the Academy seeks tax exemption in this action.

The Academy is licensed, registered and approved by the South Dakota Board of Cosmetology at times pertinent to this litigation. The Academy is an approved agency of the State Governmental Rehabilitation Divisions and a member of the National Hairdressers and Cosmetologist Association, South Dakota Hairdressers and Cosmetologist Association and the National Association of Cosmetology Schools. Financial assistance is available to students through Federal Insured Student Loans. The students must be high school graduates or have passed a high school equivalency test. Upon graduation from the Academy students are required to pass a State Board examination before practicing their profession. The Academy has complied with all regulations required by the State of South Dakota and its agencies with regard to its operation.

The court found that students are charged a tuition fee of $625, and that the cost of training a student to be qualified to take the State Board examination is in excess of $2,600. The additional money required to train each student is derived from fees charged by the Academy for services performed by the student on the general public while applying the theory and techniques taught at the Academy.

In National College of Business v. Pennington County, 1966, 82 S.D. 391, 146 N.W.2d 731, this court held that the

operation of a school for profit, in and of itself, did not exclude a school from acquiring a tax exemption status under the provisions of Art. XI, § 6 of the Constitution of the State of South Dakota, as implemented by SDCL 10-4-13:

> *"Educational institution property exempt—Income property taxable.*—All property, both real and personal, belonging to any educational institution in this state, and all property used exclusively by and for the support of such institution, shall be exempt from taxation \* \* \* *provided, however, that as to any educational institution operated for profit this exemption shall apply only to that portion of property, real and personal, which is used exclusively for instructional or administrative purposes."* (emphasized portion added by Ch. 317, S.L. 1967)

■ Under National College of Business v. Pennington County, supra, and the statute quoted, two criteria were established in order that tax, exemption inure to the benefit of a school or educational institution. Thus, in order to enjoy such tax exemption in this state, a school must fall within the limitations created by statute, that is, when operated for profit it must be "used exclusively for instructional or administrative purposes" and must fall within the standards set forth in National College of Business v. Pennington County, supra, wherein we said:

> "\* \* \* that many of the subjects and much of the training provided by plaintiff is also provided in our tax supported institutions of higher learning and in some instances in our public high schools. To the extent that plaintiff's facilities are availed of, the state is relieved of its financial obligation to furnish such instruction. It seems to us that the statutory exemption from taxation provided for in SDC 57.0311(2) (now SDCL 10-4-13) is available to those private institutions which provide at least some substantial part of the educational training which would otherwise be furnished by our tax supported schools."

■ In our judgment the Academy failed in both categories. The trial court specifically found that "in only one slightly related instance is a subject taught (by plaintiff) which is also taught in

the public schools of South Dakota" and, upon this record, we cannot conclude this finding to be "clearly erroneous." SDCL 15-6-52(a). Furthermore, the dominant purpose of the Academy appears to be for commercial rather than for school purposes. South Dakota Education Association v. Dromey, 1971, 85 S.D. 630, 188 N.W.2d 833.

Affirmed.

All the Justices concur.